Case 4:18-cv-02133   Document 50   Filed on 12/05/24 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
December 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEROME FISHER PLEASANT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-18-2133 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER
## FOLLOWING REMAND

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2254 challenging his 2015 convictions for attempted capital murder and aggravated assault on a public servant. A former federal district judge granted summary judgment and denied the petition in 2019, but the United States Court of Appeals for the Fifth Circuit subsequently affirmed the decision in part, vacated in part, and remanded the case for further proceedings. *Pleasant v. Lumpkin*, Appeal No. 19-20664, 2022 WL 1486780 (5th Cir. May 11, 2022) (unpublished). The case was assigned to the undersigned judge for further proceedings following remand.

The Fifth Circuit Court of Appeals vacated that portion of the district court's opinion denying habeas relief as to an unexhausted ineffective assistance of trial counsel claim, and remanded the case for reconsideration of the issue. The Fifth Circuit instructed the Court to determine whether petitioner's unexhausted claim was otherwise procedurally defaulted

before reaching the merits. The Fifth Circuit affirmed the remaining portions of the district court's decision denying habeas relief.

Following remand, respondent filed a supplemental motion to dismiss predicated on procedural default (Docket Entry No. 36) and served petitioner a copy of the motion on July 19, 2023. The Court allowed petitioner to file a late response, which he filed on April 25, 2024. Respondent supplemented the state court record on June 21, 2024. The Court denied petitioner's subsequent motions "to return petitioner to status quo ante" on July 24, 2024, and for appointment of counsel on August 12, 2024.

Having considered the Fifth Circuit Court of Appeals's orders and opinion on appeal, respondent's motion for summary judgment as to petitioner's unexhausted claim, the response, the record, matters of public record, and the applicable law, the Court **GRANTS** respondent's motion for summary judgment (Docket Entry No. 14),[1] **DISMISSES WITH PREJUDICE** petitioner's unexhausted ineffective assistance claim as procedurally defaulted and barred, **DISMISSES AS MOOT** respondent's supplemental motion to dismiss (Docket Entry No. 36), and **DISMISSES** this lawsuit for the reasons explained below.

---

[1]To be clear, this Memorandum Opinion and Order Following Remand addresses only those portions of the Court's earlier Memorandum Opinion and Order that were vacated and remanded by the Fifth Circuit. Only those portions of respondent's motion for summary judgment that address the grounds for judgment that were vacated and remanded are being considered and addressed herein.

## I. FACTUAL BACKGROUND

The Fifth Circuit Court of Appeals set forth the following statement of facts in its opinion issued May 11, 2022:

> On May 16, 2012, while on parole for two unrelated criminal offenses, Pleasant shot both his fiancée, Sheera Stevenson, and Stevenson's 13-year-old daughter in the head after becoming infuriated that Stevenson's daughter did not wash the dishes. Miraculously, neither Stevenson nor her daughter died from their injuries, and they were able to flag down a neighbor for help. After being shot, the next thing that Stevenson and her daughter remembered was an ambulance carrying them away to receive medical treatment.
>
> At some point that day, an unidentified individual called the Houston police department to report the shooting. Officer Sean Jordan was on patrol at the time the call was received and was one of many officers who responded. While driving to the crime scene, Jordan noticed a man who matched the description of the shooter walking on a sidewalk. The man was Pleasant. Jordan slowed his vehicle to a stop upon approaching Pleasant. At that point, Pleasant suddenly turned around and aimed a gun at Jordan. Jordan quickly ducked out of his stopped vehicle and gave chase to Pleasant as he fled the scene, all the while radioing other officers in the area to request back up.
>
> Officer Phillip Marquez responded to Jordan's request and was able to cut off Pleasant's path with his police vehicle. With nowhere to run, Pleasant pointed his gun at Marquez, which prompted Jordan to shoot Pleasant. Pleasant immediately fell to the ground and dropped his weapon. Jordan and Marquez called for an ambulance and subdued Pleasant. Pleasant survived but was paralyzed from the waist down and has remained so since the incident.
>
> The next day, the State of Texas charged Pleasant with aggravated assault on a public servant, and attempted capital murder. The state trial court appointed Connie Williams to represent Pleasant in July 2012. Pleasant unsuccessfully attempted to have Williams removed from his case numerous times over the next three years, alleging that Williams had a conflict of interest, was discriminatory towards Pleasant, and rendered ineffective assistance of counsel. Pleasant also sought to recuse the trial judge via interlocutory appeal, but that appeal was dismissed for lack of jurisdiction.

3

> Pleasant's trial occurred in November 2015; a Harris County jury found Pleasant guilty of both charged crimes. The jury also concluded that Pleasant was a habitual offender, and based on that finding, the trial court sentenced him to life in prison for attempted capital murder and 75 years in prison for aggravated assault of a public servant.

*Pleasant*, 2022 WL 1486780, at *1.

The convictions were affirmed by the intermediate state court of appeals under *Anders v. California*, 386 U.S. 738 (1967), and petitioner did not seek discretionary review.

## II. STATE HABEAS PROCEEDINGS

The Fifth Circuit continued its Opinion with the following summarization of petitioner's state habeas proceedings in the state trial court and Texas Court of Criminal Appeals ("CCA"):

> In January 2017, Pleasant filed two state habeas applications, one for each of his 2015 convictions. In both applications, Pleasant alleged, *inter alia*, that [Connie] Williams was ineffective as his trial counsel because Williams did not sufficiently communicate with him.
>
> \* \* \* \*
>
> In Pleasant's case, the state trial court entered an order on February 7, 2017, designating certain issues to be resolved; pertinent here, on March 2, 2017, the court ordered Williams to file an affidavit responding to Pleasant's habeas applications. The trial court eventually transmitted Pleasant's habeas applications to the CCA in October 2017, before it received any affidavit from Williams. In January 2018, the CCA remanded the case because the CCA determined that the trial court had not yet "resolved the designated issues."
>
> Williams finally complied with the state trial court's order and filed an affidavit on March 20, 2018. Williams's affidavit stated that he

4

> had numerous conversations with [Pleasant's] mother, brother, and other friends about Mr. Pleasant and the facts of the case . . . [,] spoke with Mr. Pleasant on at least 10 occasions, . . . [and] spent considerable time in an attempt to plea bargain Mr. Pleasant's case and at one time, was offered 18 years in a case in which the minimum was 25 years which was adamantly refused by Mr. Pleasant.
>
> The trial court issued proposed findings of fact and conclusions of law in an order entered March 29, 2018. The trial court specifically "f[ound] the affidavit of Connie Williams [to be] credible," and transmitted the case back to the CCA with the recommendation that Pleasant's habeas applications be denied.
>
> In the CCA, Pleasant filed a response to the trial court's proposed findings in which he disputed Williams's statement that Williams presented Pleasant with an 18-year plea offer. Pleasant contended that if he had known about the plea offer, he would have accepted it. Pleasant also attached affidavits from his mother, his brother, and himself, all averring that Pleasant was never presented with the plea offer and that he would have accepted the offer had it been shared with him. In May 2018, the CCA denied both of Pleasant's habeas applications on their merits in two one-sentence orders stating, "denied without written order on findings of trial court without hearing."

*Pleasant*, 2022 WL 1486780, at *2–3 (footnotes omitted).

### III. INITIAL FEDERAL HABEAS PROCEEDINGS

The Fifth Circuit then presented in its Opinion an analysis of the earlier federal habeas proceedings in this case leading up to the appeal and the granting of a certificate of appealability ("COA"):

> On June 22, 2018, Pleasant filed the present federal habeas corpus petition, *see* 28 U.S.C. § 2254, alleging ineffective assistance of counsel based on various deficiencies in Williams's performance. In particular, Pleasant grounded one of his claims (the only one at issue on appeal) on Williams's purported failure to tell him about the State's 18-year plea offer. In response, the State moved for summary judgment, arguing that this claim was unexhausted and

5

> procedurally defaulted. Alternatively, the State contended that the claim failed on the merits because Williams's affidavit established that he conveyed the plea offer to Pleasant.
>
> The district court held that Pleasant's ineffective assistance claim based on the plea offer was unexhausted because it was not properly raised before the CCA. The district court nonetheless proceeded to the merits, reasoning that "[n]otwithstanding Pleasant's failure to exhaust the remedies available in the courts of the State," § 2254(b)(2) permitted the court to deny a habeas application "on the merits, notwithstanding the failure of the applicant to exhaust . . . remedies." *Id.* § 2254(b)(2). Doing so, the district court afforded deference to the Texas trial court's prior "determination that trial counsel rendered effective assistance," given that court's finding that Williams's affidavit was credible.
>
> Because it found that the state trial court "properly identified *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] as the governing legal principle" in deciding Pleasant's ineffective assistance claims, the district court evaluated the claim at issue as though it had first been adjudicated on the merits in state court. *See* 28 U.S.C. § 2254(d)(1). To obtain relief under § 2254(d)(1), Pleasant was required to demonstrate that the state court's application of *Strickland* was objectively unreasonable. *See Bell v. Cone*, 535 U.S. 685, 694–95 (2002). The district court concluded that Pleasant failed to do so because "[n]othing in the record supports Pleasant's bare assertion that Williams did not inform him of the plea offer," and Pleasant failed to establish prejudice. The district court thus denied both Pleasant's habeas petition and his request for a COA.

*Pleasant*, 2022 WL 1486780, at *3 (footnotes omitted).

The Fifth Circuit granted petitioner a certificate of appealability on April 30, 2020, noting that petitioner's unexhausted ineffective assistance of counsel claim had been denied on the merits under AEDPA's deferential standard of review rather than dismissed as procedurally defaulted. The Fifth Circuit stated:

> [W]hen a claim is unexhausted and is not procedurally barred, "no deference is owed . . . and the federal court must instead conduct a plenary review." *Gonzales v. Thaler*, 643 F.3d 425, 429 (5th Cir. 2011). As the district court determined Pleasant's claims were unexhausted, it erred in applying the deferential standard of review.

*Pleasant*, Appeal No. 19-20664 (Docket No. 21-2).

In subsequently ruling on the merits of the appeal, the Fifth Circuit held as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." For habeas applications in Texas, the "appropriate state court" is, ultimately, the CCA.
>
> A Texas habeas applicant may present new evidence to support his application after it has been transmitted by the state trial court to the CCA, but "the party *must* file in the [CCA] a motion to stay the proceedings pending the filing of the [new] evidence in the trial court." TEX. R. APP. P. 73.7(b) (emphasis added).
>
> We agree with the district court that Pleasant's ineffective assistance claim based on the plea offer is unexhausted. Williams filed his affidavit in the state trial court on March 20, 2018, raising for the first time that Pleasant had been informed of and had "adamantly refused" the State's 18-month plea offer, in response to Pleasant's other ineffective assistance claims. On March 29, 2018, the trial court entered its findings and recommendation as to those claims and then rerouted Pleasant's habeas application to the CCA. It was not until this point that Pleasant first attempted to offer the affidavits from his mother, his brother, and himself—in the CCA—to rebut Williams's averments surrounding the plea offer. And this juncture was also when he first raised an ineffective assistance claim—again in the CCA— based on his assertions that Williams had not disclosed the plea offer.
>
> To offer his new evidence properly, Pleasant was required by Texas Rule [of Appellate Procedure] 73.7(b) to seek a stay in the CCA and then file the three affidavits in the trial court for that court first to consider them. There is no

evidence that Pleasant complied with this requirement. In other words, Pleasant did not "fairly present his claim in each appropriate state court," *i.e.*, in the state trial court, and then in the CCA, before filing his federal habeas petition. Pleasant's ineffective assistance claim based on the plea offer is thus unexhausted.

The rub is that, even though the district court correctly concluded that Pleasant's claim was unexhausted, the district court nonetheless proceeded to treat the claim as though it had been adjudicated by the state courts. In other words, the district court expressly afforded AEDPA's deferential standards of review to the state trial court's conclusion that Williams's assistance was effective, which in turn was based on Williams's affidavit. *See* 28 U.S.C. § 2254(d)(1), (e)(1).

But that deference was not due in this case. Once the district court concluded that the claim was unexhausted, the court should have conducted a "plenary review," not a deferential one. As it happened, the district court appears to have mixed apples with oranges because the state trial court's finding that Williams's assistance was not ineffective pertained to Pleasant's other claims for ineffective assistance—not this one, which was first raised, albeit improperly, in response to Williams's affidavit testimony that he discussed the State's plea offer with Pleasant, and Pleasant rejected it. Neither the state trial court nor the CCA had evaluated Pleasant's latest claim, and neither court had made any finding regarding the credibility of Williams's testimony, as disputed by Pleasant, specific to the plea agreement. So, as to this particular claim, there were no state court findings of fact or conclusions of law to which the district court could defer, and it was error for the district court to apply the state courts' findings regarding Pleasant's other claims to deny this latest one.

"[W]e are a court of review, not first view." Accordingly, we remand Pleasant's claim for further proceedings consistent with the standards provided by the AEDPA and our precedent governing unexhausted state habeas claims.

We AFFIRM the district court's holding that Pleasant's ineffective assistance of counsel claim based on an allegedly undisclosed plea offer is unexhausted. However, because the district court then improperly applied the AEDPA's deferential standards of review in deciding the merits of the claim, we VACATE the district court's dismissal of Pleasant's claim and REMAND for further proceedings consistent with this opinion.

*Pleasant*, 2022 WL 1486780, at *5.

By footnote, the Fifth Circuit instructed that "the district court should also determine whether Pleasant's claim is otherwise procedurally defaulted before reaching the merits." *Id.*, n.7 (citations omitted).

## IV. PROCEDURAL DEFAULT

Thus, in vacating and remanding petitioner's unexhausted ineffective assistance claim for further proceedings consistent with its opinion, the Fifth Circuit indicated that this Court is to determine whether petitioner's claim is otherwise procedurally defaulted before reaching the merits.[2] This effectively places the Court back in its original pre-appeal position and requires the Court to reconsider the merits of respondent's motion for summary judgment seeking dismissal of petitioner's ineffective assistance claim as procedurally defaulted. This reconsideration includes the Fifth Circuit's agreement that petitioner's ineffective assistance claim is unexhausted, its determination that petitioner's claim and the three affidavits were not properly presented to the state courts, and that there were no findings of fact by the state courts as to the claim or the credibility of trial counsel's affidavit in context of that claim.

An unexhausted claim raised in a federal habeas petition is not necessarily also procedurally defaulted. As recognized by the Fifth Circuit,

---

[2]For purposes of the instant Memorandum Opinion and Order, reference to petitioner's "ineffective assistance claim" or the "claim" refers to petitioner's unexhausted claim that trial counsel was ineffective in failing to convey to him the State's 18-year plea bargain offer.

9

> Failure to exhaust state remedies and state procedural default are related but distinct concepts. If a claim is merely unexhausted but not procedurally defaulted, then, absent waiver by the state, a district court must either dismiss the federal petition or stay the federal proceeding while the petitioner exhausts the unexhausted claim in state court. But if a claim is both unexhausted and procedurally defaulted, then a district court may deny the federal petition outright. A claim is both unexhausted and procedurally defaulted where "the prisoner fails to exhaust available state remedies, and the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred . . . ."

*Norman v. Stephens*, 817 F.3d 226, 231 n.1 (5th Cir. 2016). Thus, federal courts should find unexhausted claims to be procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Texas state law prohibits a prisoner from filing a second or successive application for post-conviction habeas relief if the grounds stated therein could have been, but were not, raised in a prior state habeas application. TEX. CODE CRIM. PROC. art. 11.07, § 4. Under article 11.07, § 4,

> (a)   If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> > (1)   the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article *because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application*;
>
> \* \* \*

10

> (c) For purposes of Subsection (a)(1), a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

Respondent argued in the November 2018 motion for summary judgment that any attempt by petitioner to raise the ineffective assistance claim in a second application for state habeas relief would have resulted in its dismissal as an abuse of the writ. Respondent correctly argued that the abuse-of-the-writ doctrine is a well established procedural default that bars federal habeas review of the merits of a habeas petitioner's unexhausted claims. *See Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Consequently, argued respondent, petitioner's claim was procedurally defaulted and barred from consideration by the Court, requiring its dismissal with prejudice pursuant to *Nobles*, 127 F.3d at 423, and *Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1997).

Petitioner could have raised his claim in his first application for state habeas relief. Indeed, he attempted to do so prior to the CCA's disposition of his habeas application. However, as noted by the Fifth Circuit, he did not present the claim in a procedurally proper manner, and the claim was not before the CCA. As held by the Fifth Circuit, "To offer his new evidence properly, Pleasant was required by Texas Rule 73.7(b) to seek a stay in the CCA and then file the three affidavits in the trial court for that court first to consider them. There is no evidence that Pleasant complied with this requirement." Consequently,

11

petitioner's claim remained unexhausted following his attempt to present it to the CCA in his first state habeas application and the claim was procedurally defaulted in this Court.[3]

Petitioner was precluded from federal habeas relief on the ineffective assistance claim unless he showed cause for the default and resulting prejudice, or demonstrated that the Court's failure to consider the claim would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991); *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004). This latter exception "is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." *McGowen v. Thaler*, 675 F.3d 482, 499 (5th Cir. 2012).

In responding to respondent's motion for summary judgment, petitioner argued that his claim was not unexhausted because he had presented it to the CCA before it denied habeas relief; thus, he contended, the claim was denied and adjudicated on the merits and could be raised in his federal habeas petition. (Docket Entry No. 17.) He further argued that the state habeas court unlawfully denied him an evidentiary hearing and erred in denying the merits of his claim. *Id.* Petitioner's argument finds no purchase, as the Fifth Circuit

---

[3]In his state habeas affidavit, trial counsel testified that he conveyed the offer to petitioner and that petitioner rejected it. Petitioner disagrees with that testimony. Although the state trial court expressly found trial counsel's affidavit credible, it did not impliedly find non-credible petitioner's argument that trial counsel did not convey the offer to him. This is clear, as petitioner's disagreement with that particular aspect of counsel's testimony was not before the state trial court. The Fifth Circuit summed it up as follows: "Neither the state trial court nor the CCA had evaluated Pleasant's latest claim, and neither court had made any finding regarding the credibility of Williams's testimony, as disputed by Pleasant, *specific to the plea agreement*." *Pleasant*, 2022 WL 1486780, at *5, emphasis added.

confirmed this Court's determination that petitioner did not exhaust the claim. Petitioner did not establish cause and prejudice for his default, nor did he show that the Court's failure to consider the claim would result in a fundamental miscarriage of justice. Moreover, because he argued that his claim was not unexhausted, he raised no grounds for application of *Martinez v. Ryan*, 566 U.S. 1, 13–14 (2012) or *Trevino v. Thaler*, 569 U.S. 413 (2013) as to procedural default.

Consequently, petitioner's claim is procedurally defaulted, barred from consideration by this Court, and must be dismissed with prejudice. *See Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008) ("This court has held that, since 1994, the Texas abuse of the writ doctrine has been consistently applied as a procedural bar, and that it is an independent and adequate state ground for the purpose of imposing a procedural bar."); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (finding a procedural default occurs "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (cleaned up). Thus, petitioner's unexhausted habeas claim was procedurally defaulted at the time he filed the instant federal habeas petition, and remained procedurally defaulted following remand by the Fifth Circuit Court of Appeals.

Respondent's motion for summary judgment (Docket Entry No. 14) is **GRANTED** and petitioner's ineffective assistance claim is **DISMISSED WITH PREJUDICE** as

procedurally defaulted and barred from consideration in this lawsuit. Respondent's supplemental motion to dismiss (Docket Entry No. 36) is **DISMISSED AS MOOT**.

## V. SECOND STATE HABEAS PROCEEDING

Mandate was issued by the Fifth Circuit on May 6, 2022, and the case was returned to this Court on that date. Without informing the Court and without seeking leave of this Court to exhaust his claim in state court, petitioner filed a second application for state habeas relief with the state trial court on August 8, 2023, raising the unexhausted claim. The Court subsequently became aware of petitioner's undisclosed second state habeas proceeding, and on October 27, 2023, entered an order staying and abating the instant case pending disposition of the second state habeas application. On September 27, 2023, the state trial court recommended that the habeas application be dismissed under art. 11.07, § 4(a). However, on January 17, 2024, the CCA denied habeas relief without a written order. Generally, a state application that is denied without a written order by the CCA is an adjudication on the merits. *Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999).

The supplemental state court record shows that, in filing his second application for state habeas relief, petitioner did *not* include copies of the three affidavits underlying his ineffective assistance of counsel claim. (Docket Entry No. 45-2.) As a result, the affidavits were once again not before the state courts on collateral review.

Petitioner's second state habeas proceeding has no impact on the instant case. Petitioner's habeas claim was unexhausted and procedurally defaulted at the time he filed this

14

lawsuit in 2018 and at the time the case was returned by the Fifth Circuit upon remand. Moreover, petitioner did not request and obtain leave of this Court to exhaust his claim in state court in context of this proceeding, nor did he seek and obtain leave of court to amend his petition to add the newly-exhausted claim. Petitioner's lateral efforts did not "retroactively exhaust" his claim for purposes of this proceeding. Consequently, the Court will not review in this proceeding the actions taken by the CCA as to petitioner's second state habeas application.

## VI. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Docket Entry No. 14) is **GRANTED** and petitioner's claim is **DISMISSED WITH PREJUDICE.**

2. Respondent's supplemental motion to dismiss (Docket Entry No. 36) is **DISMISSED AS MOOT**.

3. This lawsuit is **DISMISSED WITH PREJUDICE.**

4. Any and all pending motions are **DISMISSED AS MOOT.**

5. A certificate of appealability is **DENIED.**

Signed at Houston, Texas, on this the 5th day of December, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE