United States District Court
Southern District of Texas
**ENTERED**
April 11, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEROME FISHER PLEASANT, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-18-2133 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state prisoner proceeding *pro se*, filed a habeas petition claiming trial counsel was ineffective in failing to inform him of an 18-year plea bargain offer. The Court granted summary judgment and dismissed the unexhausted claim as procedurally defaulted. Pending before the Court is petitioner's *pro se* Rule 60(b)(3) motion seeking vacatur of that dismissal, based on his argument that there was no 18-year plea bargain offer. (Docket Entry No. 52.) The motion is **DENIED** for the reasons shown below.

## I. BACKGROUND AND CLAIMS

Petitioner was convicted of attempted capital murder and aggravated assault on a public servant in 2015 and sentenced to life incarceration and a seventy-five-year term of incarceration, respectively. A factual and procedural history of the case is unnecessary, but can be found in the Court's order of December 5, 2024.

For purposes of the pending motion, the record shows that petitioner's trial counsel filed an affidavit on state collateral review asserting that the State made an 18-year plea

bargain offer and that petitioner rejected it. In his ensuing federal habeas petition filed in this case, petitioner claimed that trial counsel was ineffective in failing to inform him of the offer and that he would have accepted the offer. On December 5, 2024, the Court granted respondent's motion for summary judgment and dismissed the unexhausted claim as procedurally defaulted and barred from consideration.

On February 24, 2025, petitioner filed the pending motion to vacate the judgment under Federal Rule of Civil Procedure 60(b)(3) and (b)(6), claiming that trial counsel's affidavit testimony was fraudulent because the State's 18-year plea bargain offer was "non-existant [*sic*]."

## II.  ANALYSIS

A.    Rule 60(b)(3)

Federal Rule of Civil Procedure 60(b)(3) provides for relief in the event of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3).

A party making a Rule 60(b)(3) motion must establish by clear and convincing evidence that the adverse party engaged in fraud or other misconduct and that the fraud or misconduct prevented the moving party from fully and fairly presenting his case. *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418–19 (5th Cir. 2018); *see also Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 364 (5th Cir. 2018).

In support of his pending motion, petitioner contends there was fraud, misrepresentation, or misconduct by an opposing party in this federal habeas action in that his trial counsel committed perjury in the affidavit he submitted to the state trial court. Specifically, petitioner disputes counsel's affidavit statement that he informed petitioner of an 18-year plea bargain offer and that petitioner rejected the offer. Petitioner argues that, "But this never came about because no plea bargain of 18 years was 'never' offered, much less brought to the Petitioner's attention or his families [*sic*]. It's non-existant [*sic*]." (Docket Entry No. 52, p. 3.) Petitioner speculates that if there was an offer, counsel withheld it from petitioner in order to increase his attorney's fees.

Petitioner's conjecture and speculation regarding counsel's affidavit testimony falls well short of clear and convincing evidence of fraud, misrepresentation, or misconduct. Even so, petitioner's trial counsel was not an adverse or opposing party in this federal habeas proceeding, as is required by Rule 60(b)(3). Petitioner fails to meet his burden of proof for relief under Rule 60(b)(3).

Moreover, the Court granted summary judgment and dismissed petitioner's ineffective assistance claim because the unexhausted claim was procedurally defaulted. The substance and credibility of trial counsel's affidavit as to the 18-year plea bargain offer played no role in those determinations and did not prevent petitioner from fully and fairly presenting his case to this federal court. Petitioner was fully and fairly able to present his arguments

opposing respondent's motion for summary judgment predicated on failure to exhaust. Indeed, petitioner argued in his response to the motion that the claim was exhausted.

The Court ultimately determined that petitioner's ineffective assistance claim was procedurally defaulted. It made no determinations as to the truthfulness or credibility of trial counsel's affidavit testimony regarding an 18-year plea bargain offer. Petitioner establishes no fraud, misrepresentation, or misconduct on the part of respondent, and no meritorious grounds for relief under Rule 60(b)(3) are shown.

B.    Rule 60(b)(6)

Although he also moves to vacate the judgment under the catch-all clause of Rule 60(b)(6), clause (b)(6) is only available if the relief sought "is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)). As petitioner's arguments for relief are covered by clause (b)(3), the Court addressed petitioner's motion under that provision.

In the interest of justice, the Court has also considered petitioner's assertion that the judgment should be vacated under Rule 60(b)(6). He presents no arguments or factual allegations under clause (b)(6) that are independent of those he raised under clause (b)(3). Rule 60(b)(6) is mutually exclusive with Rule 60(b)'s other clauses and extends relief only in extraordinary circumstances. *Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002). "In determining whether extraordinary circumstances are present, a court may consider a wide

range of factors" such as "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (cleaned up). Petitioner's disagreement with the affidavit testimony submitted by trial counsel on state collateral review is not an extraordinary circumstance warranting relief under Rule 60(b)(6).

## III.  CONCLUSION

For the above reasons, petitioner's motion (Docket Entry No. 52) is **DENIED**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the ____ day of April, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5